2007 BNH 001
_____

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW HAMPSHIRE

In re:                                                              Bk. No. 04-11409-MWV
                                                                    Chapter 7
Richard C. Kostandin,
        Debtor

*Michael B. Feinman, Esq.*
*FEINMAN LAW OFFICES*
*Attorney for Vincent P. Antanavich*

*Mary Notaris, Esq.*
*Attorney for Herself*
*and for Donna J. Kostandin*

*Michael S. Askenaizer, Esq.*
*LAW OFFICES OF MICHAEL S. ASKENAIZER*
*Attorney for Trustee Timothy P. Smith*

## MEMORANDUM OPINION

The Court has before it the renewed motions of Vincent P. Antanavich for orders of contempt against Donna J. Kostandin and Mary Notaris, Esq. (hereinafter the "Deponents").

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### BACKGROUND

Original motions for contempt against the Deponents were brought on September 30, 2004 (as against Donna J. Kostandin) and October 6, 2004 (as against Mary Notaris).  The Court held a hearing on these motions on November 4, 2004.  The motions arose out of the Court's order permitting 2004

examinations against the Deponents as well as the issuance of a subpoena *duces tecum* for the production of various documents. Prior to the filing of the original contempt motions, the 2004 examinations had been held, but various questions had not been answered and documents not produced. The Deponents' omissions were based on allegations of attorney-client privilege and the exercise of Fifth Amendment rights.

At the hearing on November 4, 2004, the Court ordered that certain documents be produced by a date certain. This was not done, and the renewed motions were filed on November 22, 2004. Prior to the filing of these motions, the Deponents brought a motion for clarification, which this Court denied by its order of November 19, 2004. These renewed motions were continued by agreement of the parties, and a hearing was finally held on October 5, 2005. At a December 14, 2004, hearing, the Court requested Attorney Feinman, who represented Mr. Antanavich, to submit a statement of his legal fees relating only to these contempt motions, which he did on January 21, 2005. This statement shows fees in the amount of $5,664.25.

## CONCLUSION

The Court has reviewed the documents and pleadings relating to these contempt motions. The Court finds that the objections raised by the Deponents, which where the subject of the first motions for contempt, raise significant issues of law and were not frivolous and, therefore, denies the original motions for contempt. However, the renewed motions clearly show that the Deponents did not comply with this Court's order of November 4, 2004. Since the majority of the fees sought relate to the first motions for contempt, the Court hereby grants the renewed motions in part and orders the Deponents jointly to pay to Attorney Feinman the sum of Five Hundred Dollars ($500) for legal fees that would not have been incurred had there been compliance with this Court's order of November 4, 2004.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 5th day of January, 2007, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge